TIMOTHY COURCHAINE
United States Attorney
District of Arizona
GORDON E. DAVENPORT III
ANSHUL KRISHN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
gordon.davenport.iii@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 4:24-cr-08599-RM-JR |
| Plaintiff, | STATEMENT OF POSITION Re: SENTENCING |
| vs. | |
| Jorge Jimenez, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorney undersigned, intends to argue the following matters at sentencing":

(1)   The government has no objections to the presentence report.

(2)   The probation officer has calculated the defendant's guideline range at 151 to 188 months. The probation recommendation is for 90 months, which reflects a 61-month (6 level) variance.

(3)   Because of his position of trust, the government views the defendant as more culpable than other individuals involved the transportation of narcotics. Considering other local sentences, it anticipates asking for a custodial sentence between 121 and 151 months.

(4)   The disparity between the government and probation recommendations is driven by

the considerations of the defendant's health issues, and a differing evaluation as to the significance collateral consequences of being a defrocked Border Patrol Agent. Additionally, the government appears to weigh the defendant's failure to accept responsibility prior to sentencing as a driving factor.

a. <u>Health Issue</u>: It is uncontested that the defendant has a significant kidney issue. The evidence elicited at trial was that this this issue was known to the defendant at the time he betrayed his oath to the United States and engaged in serious criminal conduct. It is the government position that while some consideration may be appropriate because a custodial sentence will be especially difficult on the defendant, it does not excuse the conduct in any manner.

b. <u>Collateral Consequences</u>: Probation has cited "loss of his career" as a factor in recommended variance. The issue is that that this collateral consequence is inherently "priced in" when considering sentences for law enforcement corruption. Variances should focus on specific things that separate this defendant from similarly situated ones. Further, the government has a concern that engaging in an analysis of collateral consequences tends to favor the people of means and comfort and disfavors those who are driven to criminality by need and desperation. A person who commits a crime despite having every reason in the world not to is much harder to deter prospectively.

c. <u>Acceptance of Responsibility</u>: The defendant has chosen to not accept responsibility prior to sentencing. The result of this choice is that both 3553(a)(2)(A) ("need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and (B) ("need to afford adequate deterrence to criminal conduct") weigh in favor of severity.

(5)     At the sentencing, the government anticipates citing to the prosecution: *United States v. Michel* 4:17-CR-01733-DCB-JR. This case involved a U.S. Border Patrol agent acting a scout vehicle for a marijuana load. After pleading guilty, he received 90 Months in custody.

Respectfully submitted this 24th day of October 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Gordon E. Davenport III*

GORDON E. DAVENPORT III
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 24th day of October 2025, to:

Mark Lee Williams, Esq.
Robert L Murray, Esq.